UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
FANNY PINA, BLANCA LUCERO and,
SUJEIRIT TAVAREZ,

Docket No:  12 CV 0459

                            Plaintiffs,

(DLI) (RER)

      - against -

**ANSWER**

EASTERN WHOLESALE FENCE CO., INC., AUGUSTO
ROMO and PAUL DEGENARRO,

                            Defendants.
------------------------------------------------------------------------------X

     Defendant, EASTERN WHOLESALE FENCE CO., INC. and AUGUSTO ROMO, by their attorneys, MILBER MAKRIS PLOUSADIS & SEIDEN, LLP, as and for their Answer to the Complaint, allege the following upon information and belief:

## SUMMARY OF CHARGES

     1.     Defendants aver the allegations contained in paragraph "1" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegations contained in paragraph "1" of the Complaint.

## PARTIES

     2.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint.

     3.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

     4.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

     5.     Defendants admit the allegations contained in paragraph "5" of the Complaint.

6.      Deny each and every allegation contained in paragraph "6" of the Complaint, except admit that Augusto Romo is employed by Eastern as a Plant Supervisor Weld Shop.

7.      Deny each and every allegation contained in paragraph "7" of the Complaint, except admit that Paul DeGennaro was employed as a Plant Manager, Commercial & Woods shops by Eastern.

8.      Deny each and every allegation contained in paragraph "8" of the Complaint.

## JURISDICTION

9.      Defendants aver the allegations contained in paragraph "9" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10.     Defendants aver the allegations contained in paragraph "10" of the Complaint constitute conclusions of law to which no response is required.

## FACTUAL ALLEGATIONS

11.     Deny each and every allegation contained in paragraph "11" of the Complaint, except admit that Plaintiffs Fanny Pina, Blanca Lucero and Sujeirit Tavarez are employees of Defendant Eastern with various dates of employment.

12.     Deny each and every allegation contained in paragraph "12" of the Complaint.

13.     Deny each and every allegation contained in paragraph "13" of the Complaint.

14.     Deny each and every allegation contained in paragraph "14" of the Complaint.

15.     Deny each and every allegation contained in paragraph "15" of the Complaint.

16.     Deny each and every allegation contained in paragraph "16" of the Complaint.

2

17. Deny each and every allegation contained in paragraph "17" of the Complaint.

18. Deny each and every allegation contained in paragraph "18" of the Complaint.

19. Deny each and every allegation contained in paragraph "19" of the Complaint.

20. Deny each and every allegation contained in paragraph "20" of the Complaint.

21. Deny each and every allegation contained in paragraph "21" of the Complaint.

22. Deny each and every allegation contained in paragraph "22" of the Complaint.

23. Deny each and every allegation contained in paragraph "23" of the Complaint.

24. Deny each and every allegation contained in paragraph "24" of the Complaint.

25. Deny each and every allegation contained in paragraph "25" of the Complaint.

26. Deny each and every allegation contained in paragraph "26" of the Complaint.

27. Deny each and every allegation contained in paragraph "27" of the Complaint.

28. Deny each and every allegation contained in paragraph "28" of the Complaint.

29. Deny each and every allegation contained in paragraph "29" of the Complaint.

30. Deny each and every allegation contained in paragraph "30" of the Complaint, except admit that Ms. Lucero discussed alleged concerns regarding Mr. Romo with Gorky Bolanos in July 2008.

31. Deny each and every allegation contained in paragraph "31" of the Complaint.

32. Deny each and every allegation contained in paragraph "32" of the Complaint, except admit that Ms. Lucero prepared a report for Victoria Mohan and that Ms. Mohan worked in the Human Resources Department.

33. Deny each and every allegation contained in paragraph "33" of the Complaint.

34. Deny each and every allegation contained in paragraph "34" of the Complaint.

35.     Deny each and every allegation contained in paragraph "35" of the Complaint.

36.     Deny each and every allegation contained in paragraph "36" of the Complaint.

37.     Deny each and every allegation contained in paragraph "37" of the Complaint.

38.     Deny each and every allegation contained in paragraph "38" of the Complaint.

39.     Deny each and every allegation contained in paragraph "39" of the Complaint.

40.     Deny each and every allegation contained in paragraph "40" of the Complaint.

41.     Deny each and every allegation contained in paragraph "41" of the Complaint.

42.     Deny each and every allegation contained in paragraph "42" of the Complaint.

43.     Deny each and every allegation contained in paragraph "43" of the Complaint.

44.     Deny each and every allegation contained in paragraph "44" of the Complaint.

45.     Deny each and every allegation contained in paragraph "45" of the Complaint.

46.     Deny each and every allegation contained in paragraph "46" of the Complaint.

47.     Deny each and every allegation contained in paragraph "47" of the Complaint.

48.     Deny each and every allegation contained in paragraph "48" of the Complaint.

49.     Deny each and every allegation contained in paragraph "49" of the Complaint.

50.     Deny each and every allegation contained in paragraph "50" of the Complaint.

51.     Deny each and every allegation contained in paragraph "51" of the Complaint.

52.     Deny each and every allegation contained in paragraph "52" of the Complaint.

53.     Deny each and every allegation contained in paragraph "53" of the Complaint.

54.     Deny each and every allegation contained in paragraph "54" of the Complaint.

55.     Deny each and every allegation contained in paragraph "55" of the Complaint.

56.     Deny each and every allegation contained in paragraph "56" of the Complaint.

57.    Deny each and every allegation contained in paragraph "57" of the Complaint.

58.    Deny each and every allegation contained in paragraph "58" of the Complaint.

59.    Deny each and every allegation contained in paragraph "59" of the Complaint.

60.    Deny each and every allegation contained in paragraph "60" of the Complaint.

61.    Deny each and every allegation contained in paragraph "61" of the Complaint.

62.    Deny each and every allegation contained in paragraph "62" of the Complaint.

63.    Deny each and every allegation contained in paragraph "63" of the Complaint.

64.    Defendants admit each and every allegation contained in paragraph "64" of the Complaint.

65.    Deny each and every allegation contained in paragraph "65" of the Complaint.

66.    Deny each and every allegation contained in paragraph "66" of the Complaint.

67.    Deny each and every allegation contained in paragraph "67" of the Complaint.

68.    Deny each and every allegation contained in paragraph "68" of the Complaint.

69.    Deny each and every allegation contained in paragraph "69" of the Complaint.

70.    Deny each and every allegation contained in paragraph "70" of the Complaint and respectfully refer all questions of law to this Honorable Court.

71.    Deny each and every allegation contained in paragraph "71" of the Complaint.

72.    Deny each and every allegation contained in paragraph "72" of the Complaint.

73.    Deny each and every allegation contained in paragraph "73" of the Complaint.

74.    Deny each and every allegation contained in paragraph "74" of the Complaint

75.    Deny each and every allegation contained in paragraph "75" of the Complaint.

76.    Deny each and every allegation contained in paragraph "76" of the Complaint.

77.     Deny each and every allegation contained in paragraph "77" of the Complaint.

78.     Deny each and every allegation contained in paragraph "78" of the Complaint.

79.     Deny each and every allegation contained in paragraph "79" of the Complaint.

80.     Deny each and every allegation contained in paragraph "80" of the Complaint.

81.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "81" of the Complaint.

82.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "82" of the Complaint.

83.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "83" of the Complaint.

### AS AND FOR AN ANSWER TO A FIRST CAUSE OF ACTION

84.     In response to paragraph "84" Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in paragraphs "1" through "83" of the Complaint as though more fully set forth herein.

85.     Deny each and every allegation contained in paragraph "85" of the Complaint and respectfully refer all questions of law to this Honorable Court.

86.     Deny each and every allegation contained in paragraph "86" of the Complaint.

87.     Deny each and every allegation contained in paragraph "87" of the Complaint.

### AS AND FOR AN ANSWER TO A SECOND CAUSE OF ACTION

88.     In response to paragraph "88" Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in paragraphs "1" through "87" of the Complaint as though more fully set forth herein.

6

89.      Deny each and every allegation contained in paragraph "89" of the Complaint and respectfully refer all questions of law to this Honorable Court.

90.      Deny each and every allegation contained in paragraph "90" of the Complaint.

91.      Deny each and every allegation contained in paragraph "91" of the Complaint.

## AS AND FOR AN ANSWER TO A THIRD CAUSE OF ACTION

92.      In response to paragraph "92" Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in paragraphs "1" through "91" of the Complaint as though more fully set forth herein.

93.      Deny each and every allegation contained in paragraph "93" of the Complaint and respectfully refer all questions of law to this Honorable Court.

94.      Deny each and every allegation contained in paragraph "94" of the Complaint.

95.      Deny each and every allegation contained in paragraph "95" of the Complaint.

## AS AND FOR AN ANSWER TO A FOURTH CAUSE OF ACTION

96.      In response to paragraph "96" Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in paragraphs "1" through "95" of the Complaint as though more fully set forth herein.

97.      Deny each and every allegation contained in paragraph "97" of the Complaint and respectfully refer all questions of law to this Honorable Court.

98.      Deny each and every allegation contained in paragraph "98" of the Complaint.

99.      Deny each and every allegation contained in paragraph "99" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

100.     This Court lacks subject matter jurisdiction over this action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

101.   The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

102.   Some or all of Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or other filing requirements.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

103.   To the extent Plaintiffs' claims sound in negligence, they are barred by operation of the New York Workers' Compensation Law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

104.   Some or all of Plaintiffs' claims are barred, in whole or in part, due to their failure to exhaust administrative remedies.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

105.   To the extent that Plaintiffs' claims are based upon allegations that were not asserted in any administrative or EEOC charge of discrimination, Plaintiffs are barred from asserting such claims.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

106.   Some or all of Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

107.   Some or all of Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands and/or after-acquired evidence.

8

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

108.    Some or all of Plaintiffs' claims are barred, in whole or in part, by the statutes under which this action purportedly is brought.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

109.    Plaintiffs' Complaint and/or portions thereof as against the answering Defendants are not within the scope of Plaintiffs' prior Equal Employment Opportunity Commission Charge.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

110.    Without waiving Plaintiffs' burden to show the contrary, the answering Defendants at all times, and in all manners, acted in accordance with any and all duties and obligations that they may have had under the laws, regulations and/or public policy of the United States, the State of New York, or otherwise,

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

111.    Plaintiffs are not entitled to liquidated and/or punitive damages, in that they can neither demonstrate malice, actual participation or reckless indifference by management, nor can they impute liability for punitive damages to the answering Defendants, because of its good faith efforts to comply with applicable law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

112.    The answering Defendants exercised reasonable care to prevent correct promptly any alleged unlawful harassment or discrimination in the workplace, and/or Plaintiffs unreasonably failed to take advantage of the preventive and corrective opportunities provided by the answering Defendants or to avoid harm otherwise.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

113.   Without waiving Plaintiffs' burden to show the contrary, with respect to any employment action taken by the answering Defendants, as challenged herein, Plaintiffs' claims are barred because the answering Defendants would have taken the same legitimate, non-discriminatory employment action irrespective of Plaintiffs' sex.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

114.   Plaintiffs' own conduct caused, in whole or in part, whatever damages they may have suffered.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

115.   No acts by the answering Defendants which may constitute the basis of Plaintiffs' Complaint have been taken willfully, maliciously, recklessly or wantonly, and any claim by Plaintiffs for punitive damages is barred.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

116.   To the extent as may be shown by evidence through discovery, the answering Defendants raise all those affirmative defenses set forth in Fed.R.Civ.P. 8(c).

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

117.   All actions taken by the answering Defendants with respect to Plaintiffs were taken in good faith and for legitimate, non-discriminatory, non-retaliatory reasons.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

118.   All actions taken by the answering Defendants toward Plaintiffs were lawful and made in good faith compliance with applicable provisions of all federal, state, and local laws, rules and regulations.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

119.   Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided to Plaintiffs to avoid harm.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

120.   Plaintiffs are not entitled to recover punitive damages because at all relevant times, including prior to the allegations that form the basis of Plaintiffs' claims, the answering Defendants engaged in good faith efforts to comply with all laws prohibiting discrimination and/or harassment in employment.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

121.   The negligence of those responsible for the occurrences alleged in the Plaintiffs' Complaint constitute a separate, independent, superseding, intervening culpable act or acts which constitute sole proximate cause of the accident or occurrence alleged.

### AS FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

122.   Insofar as Plaintiffs' Complaint seeks damages against the answering Defendants, the Complaint must be dismissed because Plaintiffs have not sustained any damage.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

123.   If Plaintiffs sustained damages as alleged in Plaintiffs' Complaint, all of which is denied, then such damages were caused in whole or in part by the culpable conduct of Plaintiffs, and the amount of damages otherwise recoverable, if any, shall therefore be diminished by such degree of culpable conduct as is attributable to Plaintiffs.

11

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

124.    The Plaintiffs have failed to take reasonable measures to reduce, mitigate and/or minimize her alleged damages, and therefore Plaintiffs' damages should either be reduced or barred completely to the extent Plaintiffs failed to mitigate their damages.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

125.    All determinations by the answering Defendants were made for legitimate, non-discriminatory reasons which were not pretextual for discrimination.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

126.    The answering Defendants reserve the right to assert other affirmative defenses as may be warranted as discovery proceeds.

## AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANT PAUL DEGENARRO FOR COMMON LAW INDEMNITY, CONTRIBUTION AND CONTRACTUAL INDEMNITY

127.    If plaintiffs sustained any damages in the manner set forth in its Complaint through any carelessness, recklessness or negligence other than their own, such damages were sustained by reason of the sole active and primary carelessness, recklessness and/or affirmative acts of omission or commission by Co-Defendant, PAUL DEGENARRO, without any active or affirmative negligence on the part of the answering Defendants contributing thereto.

128.    By reason of the foregoing, Co-Defendant, PAUL DEGENARRO, will be liable to EASTERN WHOLESALE FENCE CO., INC. and AUGUSTO ROMO under the doctrines of apportionment, contribution and indemnification for the full amount of any verdict and judgment, or for a proportionate share thereof, that Plaintiffs may recover against EASTERN WHOLESALE FENCE CO., INC. and AUGUSTO ROMO including, but not limited to, the costs of investigation

and attorneys' fees and disbursements incurred in the defense of this action and the prosecution of this cross-claim.

WHEREFORE, Defendants, EASTERN WHOLESALE FENCE CO., INC. and AUGUSTO ROMO, demand judgment:

(A)   Dismissing the verified complaint;

(B)   Awarding it the costs and disbursements of this action;

(C)   Awarding judgment on its cross-claim for apportionment, contribution and indemnification, including attorneys' and investigative fees; and

(D)   Awarding it such other and further relief that this Court may deem just and proper.

Dated: Woodbury, New York
       March 14, 2012

MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP

_____
Elizabeth R. Gorman (ERG 6316)
Attorneys for Defendants
EASTERN WHOLESALE FENCE CO., INC. and
AUGUSTO ROMO
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
Telephone: (516) 712-4000
Facsimile: (516) 712-4013
Our File No.: 420-7600

13

TO:

Brian T. Carr (BC-2519)
HERZFELD & RUBIN, P.C.
Attorneys for Plaintiffs
125 Broad Street
New York, NY 10004
(212) 471-8500

John T. Pieret (JTP – 0926)
BURNS, RUSSO TAMIGI & REARDON, LLP
Attorneys for Defendant
PAUL DEGENARRO
390 Old Country Road
Garden City, New York 11530
(516) 746-7371
Your Reference No.: CM 14985

14